UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAMONA D. HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:15-cv-00121-SLC |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, *sued* | ) |
| *as Nancy A. Berryhill, Acting* | ) |
| *Commissioner of SSA,* | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Ramona Hawkins's motion to recover attorney's fees in the amount of $8,117.50 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, together with supporting documents. (DE 29 to DE 31). Defendant Commissioner of Social Security ("Commissioner") concedes that Hawkins is entitled to attorney's fees but argues that Attorney Joseph Shull, Hawkins's counsel in the district court litigation, unreasonably expended 12 hours of the 42.50 hours he billed for the matter. (DE 32). After additional briefing on the motion for EAJA fees, Hawkins filed a motion to supplement the hours Attorney Shull billed on the case by 16.35 hours, bringing Attorney Shull's total hours to 58.85 and the total amount of attorney's fees to $11.240.35. (DE 36; DE 37). The motion is now ripe for ruling.

For the following reasons, Hawkins's motion for EAJA fees will be GRANTED.

*A. Procedural Background*

On May 19, 2015, Hawkins brought this action to review the decision of the Commissioner regarding the denial of disability benefits. (DE 1). On March 30, 2017, this

Court entered an Opinion and Order reversing the Commissioner's decision and remanding the case to the Commissioner for further proceedings. (DE 26). On June 22, 2017, Hawkins filed the instant motion for EAJA fees totaling $8,117.50 for 42.5 hours of billed time at a rate of $191.00 per hour. (DE 29).

On July 6, 2017, the Commissioner filed a response in opposition, claiming that 42.50 hours exceeded the reasonable amount of time for Hawkins's counsel to bill for this case. (DE 32). On August 10, 2017, Hawkins filed a reply brief (DE 35), and a motion to supplement the total hours billed by 16.35 hours (the hours Attorney Shull billed for the reply), bringing the total award requested to $11,240.35 for 58.85 hours. (DE 36).

### B. Discussion

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). "As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434). "The amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id*. (quoting

2

*Hensley*, 461 U.S. at 437). The party moving for attorney's fees bears the burden of proving to the Court that the hours in the fee calculation were reasonably expended. *Hensley*, 461 U.S. at 434.

Courts in the Seventh Circuit have found that the permissible range of time for an attorney to spend on a social security appeal to be between 40 and 60 hours. *See, e.g.*, *Garcia v. Colvin*, No. 1:11-cv-165, 2013 WL 1343662, at *2 (N.D. Ind. Apr. 3, 2013) (noting that 61.3 hours is reasonable, but on the "high end" of the range that courts within the Seventh Circuit accept); *Copeland v. Astrue*, No. 2:11-cv-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) ("64.9 attorney hours and 1.3 hours of legal assistant time, is within the permissible range of social security cases found in this Circuit, 40 to 60 hours"); *Schulten v. Astrue*, No. 08-cv-1181, 2010 WL 2135474, at *2 (N.D. Ill. May 28, 2010) (finding that 40 to 60 hours of combined legal assistant and attorney time was permissible). Here, the Commissioner asserts that, despite being in the range accepted as reasonable, Hawkins has not carried her burden of proving that Attorney Shull reasonably expended hours in three areas: (1) reviewing the administrative record and drafting the statement of facts, (2) drafting the opening brief, and (3) drafting the reply brief. (DE 32). Therefore, the Commissioner argues, this Court should deduct 12 hours from Attorney Shull's fee calculation.

First, the Commissioner requests that this Court reduce by four hours the 6.5 hours Attorney Shull expended on reviewing the 578-page administrative record. (DE 32 at 3). The Commissioner claims that 6.5 hours is an unreasonable amount of time to spend reviewing the transcript given Attorney Shull's experience, the routine nature of the issues involved in Hawkins's appeal of the Commissioner's decision, and Attorney Shull's familiarity with the case

3

given that he represented Hawkins at the administrative level. (DE 32 at 3). This argument fails for two reasons. First, the Commissioner does not cite any authority to support her argument. Second, courts in this Circuit have found it reasonable for attorneys to expend some time reviewing administrative records in social security cases, and certainly 6.5 hours is not excessive for this task. *See, e.g.*, *Monk v. Colvin*, No. 2:15-cv-233, 2016 WL 4445659, at *1-2 (N.D. Ind. Aug. 23, 2016) (finding that 9.1 hours spent reviewing a 400-page administrative record was reasonable); *Garcia*, 2013 WL 1343662, at *2 (noting that time was reasonably expended including "10 hours spent reviewing the transcript and making notes and 14.5 hours spent drafting the statement of facts"); *Copeland,* 2012 WL 4959482, at *1 (holding that an attorney reasonably expended more than 18 hours reading and abstracting an administrative record). The facts from the administrative hearing were understandably not fresh in Attorney Shull's mind because the administrative hearing was held in August 2013—almost two years before the district court complaint was filed. (DE 35 at 2). It would be reasonable for Attorney Shull to spend time re-acquainting himself with the facts in order to draft a persuasive argument for the district court—which he did.

Second, the Commissioner claims that Attorney Shull unreasonably spent 19.7 hours drafting the opening brief and this time should be reduced by two hours. (DE 32 at 3). To justify this reduction, the Commissioner highlights that the opening brief was under 17 pages and contained four arguments, none of which were novel. (DE 19; DE 32 at 3). Further, Attorney Shull had already used the first two arguments before the Appeals Council, yet billed seven hours drafting them in the opening brief. (DE 35 at 3). Again, the Commissioner fails to cite authority supporting this reduction. Conversely, 19.7 hours is well within the range of what

4

courts in this Circuit find reasonable for drafting an opening brief. *See, e.g.*, *Monk*, 2016 WL 4445659, at *2 (finding that 37.6 hours is a reasonable amount of time to spend "reviewing the record and drafting the opening brief"); *Davenport v. Colvin*, No. 2:11-CV-402-PPS, 2013 WL 5701060, at *3 (N.D. Ind. Oct. 17, 2013) (finding it reasonable for a law clerk to expend 32.6 hours on an opening brief and for the supervising attorney to expend an additional 7.21 hours); *Garcia*, 2013 WL 1343662, at *2 (finding it reasonable to spend 37.75 hours drafting an opening brief, 10 of which were spent writing the statement of facts); *Burke v. Astrue,* No. 08 C 50136, 2010 WL 1337461, at *3 (N.D. Ill. Mar. 31, 2010) (observing that 34.4 hours spent reviewing an administrative transcript, performing legal research, and drafting a brief in support of a motion of summary judgment is reasonable). Additionally, 19.5 hours is reasonable because Attorney Shull incorporated research and arguments into the opening brief that were not used before the Appeals Council. (DE 35 at 3).

Third, the Commissioner asks for a six-hour reduction to the 14.4 hours Attorney Shull spent on the reply brief. (DE 32 at 4). The Commissioner claims that 14.4 hours is unreasonable for this task because the reply brief was 5.5 pages and the issues it addressed were routine. (DE 32 at 3). The Court disagrees. The Commissioner again ignores that 14.4 hours is within the acceptable range of hours to expend on a reply brief. *See, e.g.*, *Garcia*, 2013 WL 1343662, at *4 (expending 23 hours on a 15-page reply brief was not "patently unreasonable"); *Copeland*, 2012 WL 4959482, at *1 (N.D. Ind. Oct. 17, 2012) (finding it reasonable to spend 15 hours drafting and researching a reply brief); *Groskreutz v. Barnhart*, No. 02-C-454-C, 2005 WL 567814, at *2 (W.D. Wis. Feb 28, 2005) (spending nearly 20 hours on a 10-page reply brief was not unreasonable, but on the "high side"). It was reasonable for Attorney Shull expend time

5

conducting legal research and reviewing the record for further support in drafting the reply brief. Moreover, Attorney Shull's additional research and drafting of the reply brief resulted in a favorable outcome for Hawkins at the district court level.

Finally, with regard to all three of the Commissioner's arguments, she "has identified nothing" in any of the briefs that "could have been eliminated." *Monk*, 2016 WL 4445659, at *2; *see Staley v. Berryhill*, No. 4:15-cv-00178-TAB-RLY, 2017 WL 2181151, at *1 (S.D. Ind. May 18, 2017) ("[T]he Commissioner fails to identify any factual or procedural background that Staley should have omitted." (citation omitted)). "Under these circumstances, any redaction in time would be arbitrary and beyond [the Court's] authority." *Monk*, 2016 WL 4445659, at *2 (citation omitted). Even with the additional 16.35 hours Attorney Shull spent in briefing the reply to the Commissioner's response to Hawkins's motion for EAJA fees, the Court finds that 58.85 hours is within the range that courts in this Circuit consider reasonable, belying any assertion by the Commissioner that such time is excessive. *See, e.g.*, *Garcia*, 2013 WL 1343662, at *2 (citation omitted).

## C. Conclusion

For the foregoing reasons, the Court GRANTS Hawkins's Motion for Attorney's Fees. (DE 29). Accordingly, it is ORDERED that an award of attorney's fees in the sum of $11.240.35 shall be paid by the Commissioner to Hawkins within 70 days of this Opinion and Order. If counsel for the Commissioner can verify that Hawkins does not owe any pre-existing debt to the Government subject to offset, the Commissioner shall direct that the award be made payable to Hawkins's attorney pursuant to the written fee assignment between Hawkins and her attorney. (DE 30-1).

SO ORDERED.

Entered this 25th day of August 2017.

    /s/ Susan Collins
    Susan Collins
    United States Magistrate Judge